## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

|  |  |  |
|---|---|---|
| DEVONN CURTIS, | : | Case No. 2:25-cv-91 |
|  | : |  |
| Plaintiff, | : | District Judge James L. Graham |
|  | : | Magistrate Judge Elizabeth P. Deavers |
| vs. | : |  |
|  | : |  |
| WASHINGTON COUNTY SHERIFF'S | : |  |
| OFFICE, *et al.*, | : |  |
|  | : |  |
| Defendants. | : |  |

## DEFICIENCY ORDER

Plaintiff, a prisoner at the Washington County Jail, in Marietta, Ohio, has filed an *In Forma Pauperis* Affidavit in connection with a civil rights complaint. (Doc. 1). However, Plaintiff's Affidavit is incomplete and is not made on this Court's official form. (*See* Doc. 1).

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(a)-(h), a prisoner seeking to bring a civil action without prepayment of fees or security therefor must submit a completed application and affidavit to proceed without prepayment of fees *and* a certified copy of their trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint obtained from the cashier of the prison at which the prisoner is or was confined. 28 U.S.C. § 1915(a)(2). In this case, Plaintiff's *In Forma Pauperis* Affidavit is incomplete. Plaintiff has failed to provide the Court with a certified copy of his trust

fund account statement as required by the PLRA and has failed to use this Court's official form and thus has also failed to provide a "Certificate" page (page 8 of the Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form that is used in this Court) completed and signed by the institutional cashier.

Plaintiff is therefore **ORDERED** to pay $405 ($350 filing fee plus $55 administrative fee) or submit a completed Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form, including a certified copy of his prison trust fund account statement (or institutional equivalent) for the preceding six-month period and a "Certificate" page (page 8 of the Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form that is used in this Court) completed and signed by the institutional cashier **within thirty (30) days** of the date of this Order.

**If Plaintiff fails to comply with this Order, the Court shall dismiss his case for want of prosecution.** *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997). If Plaintiff's case is dismissed for failure to comply with this Order, the case will not be reinstated to the Court's active docket despite the payment of the filing fee. *Id*.

Should Plaintiff need more time to comply with this Order, he must file a motion for extension of time.

The **Clerk of Court** is **DIRECTED** to provide Plaintiff with an Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form at the institution where Plaintiff is currently confined.

2

The **Clerk of Court** is further **DIRECTED** to send a copy of this Order to the cashier of the prison at which Plaintiff is confined.

Plaintiff is also **ORDERED** to keep the Court apprised of any changes to his address during the pendency of this case.

**IT IS SO ORDERED.**


February 7, 2025                                        *s/ Elizabeth A. Preston Deavers*
                                                       Elizabeth A. Preston Deavers
                                                       United States Magistrate Judge

3