UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| DEVONN CURTIS, | Case No. 2:25-cv-91 |
| Plaintiff, | District Judge James L. Graham |
| vs. | Magistrate Judge Elizabeth P. Deavers |
| WASHINGTON COUNTY SHERIFF'S OFFICE, *et al.*, | |
| Defendants. | |

# ORDER AND
# REPORT AND RECOMMENDATION

Plaintiff, a former pretrial detainee at the Washington County Jail (Jail), who is currently housed at the Noble Correctional Institution, has filed a *pro se* civil rights action under 42 U.S.C. § 1983 against the Washington County Sheriff's Office and Jail Sgt. Kunze for alleged violations of his rights while he was housed at the Jail. By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis*.

This matter is now before the Court for a s*ua sponte* review of the Complaint to determine whether the Complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## I.     Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v.*

*Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

2

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## II. Complaint

Plaintiff alleges that he was subjected to excessive force at the Jail on December 2, 2024. (Doc. 1-1).[1] Specifically, Plaintiff asserts that, at about 6:30 a.m. on the morning of December 2, defendant Kunze called him from breakfast into an area outside of the "C" dorm for having a "boisterous conversation" with another inmate. (Doc. 1-1, at PageID 5). Plaintiff contends that Kunze asked him to put down the plastic utensil that was in his hand and attacked him by slamming his face into a metal first-aid cabinet mounted on the wall, splitting his lip. (*Id.*). Kunze then allegedly placed handcuffs on Plaintiff's wrists. Plaintiff alleges that the handcuffs were too tight, causing his hands to go numb "within seconds." (*Id.*). Plaintiff alleges that

---

[1] Although plaintiff asserts in the complaint that the events at issue occurred on December 2, 2025, this appears to be a typographical error. For the purposes of this screening Order and Report and Recommendation, the Undersigned presumes that plaintiff meant to allege December 2, 2024.

Kunze then slammed his head a second time into a cabinet and a metal door. (*Id*. at PageID 5-6). According to Plaintiff, Kunze then lifted him up by the handcuffs, carried him with the assistance of unidentified officers, who are not named as Defendants, and again slammed his head into a mental door outside of the "F" dorm. (*Id*. at PageID 6). Plaintiff further asserts that at the time he was undergoing chemotherapy for cancer, which weakened his body. (*Id*.). He claims that Kunze "has a well-earned reputation for hurting inmates" and "likes to brag about the inmates he has hurt." (*Id*. at PageID 5).

For relief, Plaintiff requests compensatory and punitive damages. (*Id*. at PageID 6-7).

### III. Analysis

Liberally construing Plaintiff's Complaint, *see Erickson*, 551 U.S. at 94, the Court understands Plaintiff to be alleging that Defendant Kunze violated his right to be free from excessive force while detained at the Jail. Because it appears that Plaintiff was a pretrial detainee at the time of the alleged incident, "the Fourteenth Amendment's more generally applicable Due Process Clause governs to bar a governmental official's excessive use of force." *Johnston v. Hamilton Cty. Just. Ctr.*, No. 1:18-CV-864, 2021 WL 534601, at *10 (S.D. Ohio Feb. 11, 2021) (quoting *Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2014)). At this point, without the benefit of an Answer or briefing by the parties, the Undersigned concludes that Plaintiff's Fourteenth Amendment excessive-force claim may proceed to further development against Defendant Kunze in both his individual and official capacities.[2] The Court advises Plaintiff that this is only a preliminary determination. The Court has not made a determination

---

[2]Plaintiff does not state in what capacity he is suing Defendant Kunze. However, because Plaintiff is seeking damages, the Court understands Plaintiff to allege both individual and official capacity claims against Kunze. *See, e.g.*, *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001) (finding a plaintiff's request for damages to suggest an individual-capacity claim).

4

as to the merits of the claims or potential defenses thereto, nor is Defendant precluded from filing a motion to dismiss, motion for more definite statement, or other appropriate motion under the Federal Rules of Civil Procedure.

But Plaintiff has failed to state a claim against any unnamed Defendants.  Because such individuals are not named as Defendants, and thus are not parties to this case, the Court declines to analyze Plaintiff's statements with respect to them and recommends that any purported claims against them be dismissed without prejudice.  *See Chapple v. Franklin Cty.*, No. 2:21-cv-5086, 2022 WL 856815, at *16 (S.D. Ohio Mar. 23, 2022), *report and recommendation adopted as modified sub nom. Chapple v. Franklin Cty. Sheriff's Officers FCCC 1 & 2*, No. 2:21-cv-5086, 2022 WL 16734656 (S.D. Ohio Nov. 7, 2022).

Nor has Plaintiff stated a claim for relief against the Washington County Sheriff's Office, who is not *sui juris* and, therefore, lacks the capacity to be sued under 42 U.S.C. § 1983.  *See Bay v. Clermont Cty. Sheriff's Dep't,* No. 1:08cv376, 2009 WL 2495774 (S.D. Ohio Aug. 12, 2009) (and cases cited therein) (granting a motion to dismiss the county sheriff's department as a defendant in a prisoner civil rights action); *Sherrills v. Cuyahoga Cty. Corr. Ctr.,* No. 1:09cv1152, 2012 WL 31 12308, at *2 (N.D. Ohio July 31, 2012) (footnote citations and internal quotation marks omitted) ("In addressing whether or not a county sheriff's department or its internal offices and departments can be properly named as a defendant in a § 1983 action, courts have consistently approved the dismissal of the county sheriff's department, the county sheriff's office, or its internal offices or divisions for the same reason:  A county sheriff's office is not a legal entity capable [of being sued] for purposes of § 1983").

Even if the Washington County Sheriff's Office was a proper § 1983 defendant, any claim against it would be redundant of Plaintiff's official capacity claim against Defendant

5

Kunze, as such a claim is in reality a claim against Washington County. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58 (1989); *Kentucky v. Graham,* 473 U.S. 159 (1985); *Monell,* 436 U.S at 690. *See also Aladimi v. Hamilton Cty. Just. Ctr*., No. 1:09-CV-398, 2012 WL 292587, at *10 (S.D. Ohio Feb. 1, 2012), *report and recommendation adopted*, No. 1:09-CV-398, 2012 WL 529585 (S.D. Ohio Feb. 17, 2012) ("To the extent that Plaintiff has identified three jail employees in their "official" capacities, his claims are against Hamilton County itself.").

### IV. Conclusion

At this juncture, Plaintiff may proceed on his Fourteenth Amendment excessive-force claim against Defendant Sgt. Kunze in his individual and official capacities, based on the alleged events of December 2, 2024, at the Jail. But Plaintiff's claims against the unnamed Defendants should be dismissed without prejudice, and Plaintiff's claims against Defendant Washington County Sheriff's Office should be dismissed with prejudice, for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

### V. Next Steps

Plaintiff's Complaint must be served on Defendant Sgt. Kunze. However, Plaintiff has failed to provide service forms for Defendant Sgt. Kunze. Plaintiff is therefore **ORDERED** to submit to the Court, within **thirty (30) days** of the date of this Order and Report and Recommendation, a completed summons form and a completed United States Marshal form for Defendant Sgt. Kunze.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Court **DISMISS WITHOUT PREJUDICE** Plaintiff's claims against the unnamed Defendants for failure to state a claim upon which relief can be granted.  28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

2. The Court **DISMISS WITH PREJUDICE** Plaintiff's claims against the Washington County Sheriff's Office for failure to state a claim upon which relief can be granted.  28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff **MAY PROCEED** on his Fourteenth Amendment excessive-force claim against Defendant Sgt. Kunze in his individual and official capacities.

2. Within **thirty (30) days** of the date of this Order and Report and Recommendation, Plaintiff **SHALL** submit a completed summons form and a completed United States Marshal form for Defendant Sgt. Kunze.  **If Plaintiff fails to comply with this Order, his action may be dismissed for want of prosecution.**  *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997).  Should he need additional time, he must file a motion for extension of time.

3. The **Clerk of Court** is **DIRECTED** to provide Plaintiff with a summons form and a United States Marshal form for this purpose.  Upon receipt of the completed summons and United States Marshal forms, the Court shall order service of process by the United States Marshal in this case.  **Because it appears that Plaintiff is currently housed at the Noble Correctional Institution (NCI), the Clerk of Court is DIRECTED to send a copy of this Order and Report and Recommendation, as well as the blank service forms, to Plaintiff at the institution included in the Court's docket record and to Plaintiff, inmate number A845409, at NCI.**

4. Plaintiff **SHALL** immediately send the Court his updated address and inform the Court promptly of any further changes to his address which may occur during the pendency of this lawsuit.

5. Plaintiff **SHALL** serve upon Defendant or, if an appearance has been entered by counsel, upon Defendant's attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate of service stating the date a true and correct copy of any document was mailed to Defendant or Defendant's counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

July 14, 2025                                         *s/ Elizabeth A. Preston Deavers*
                                                      Elizabeth A. Preston Deavers
                                                      UNITED STATES MAGISTRATE JUDGE

**PROCEDURE ON OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this

procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).